MEMBERS OF THE SCHOOL COMMITTEE OF CAMBRIDGE *vs.* MAYOR
AND MEMBERS OF THE CITY COUNCIL OF CAMBRIDGE.

Suffolk.    February 24, 1919. — April 17, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*School and School Committee.    Tax,* Distribution of income tax returned to city
from State.    *Words,* "Total local tax."

In St. 1917, c. 209, § 1, providing in substance that, in any city, except Boston,
wherein the appropriation for any department is determined by law at a certain
percentage of the taxable valuation, such city shall, in addition to the amount so
determined, appropriate for such department such proportion of the sum re-
turned to the city by the State from the tax upon incomes as the appropriation
so determined by law bears to the "total local tax levy of that city for the
current year," the words, "total local tax levy" mean the levy for all purposes,
and not the levy for municipal purposes only.

PETITION, filed in the Supreme Judicial Court on November 4,
1918, by the school committee against the mayor and city council
of Cambridge for a writ of mandamus directing the respondents
to set aside for the school department from the portion of the tax
upon incomes returned to Cambridge by the State such proportion
thereof as the appropriation already made bore to the total tax
levy for municipal purposes, instead of such proportion thereof as
the apportionment already made bore to the total tax levy for
all purposes.

The petition was heard by *Crosby,* J.    The material facts,
which were agreed upon, are stated in the opinion.

The petitioners asked the single justice to rule as follows:

"1. The words 'total local tax levy' as used in St. 1917, c. 209,
§ 1, mean the tax levied by a city for local purposes only as dis-
tinguished from taxes levied by a city for State and county and
other purposes.

"2. The words 'total local tax levy' as used in St. 1917, c. 209,
§ 1, mean the total tax levied by a city for municipal purposes
only as distinguished from taxes levied by said city for State and
county and other purposes.

"3. The intent of the Legislature in enacting St. 1917, c. 209, § 1, was to give to the school committee of a city to which said statute applies the same relative proportion of the tax upon incomes, returned by the Commonwealth to such city under the provisions of St. 1916, c. 269, § 23, as such school committee had previously received from municipal appropriations of such city."

The single justice refused to rule as requested by the petitioners, but, upon request of the respondents, found and ruled as follows:

"1. The words, 'total local tax levy' of a city as used in St. 1917, c. 209, § 1, mean the total tax levied by the local assessors of the city upon the polls and property in said city.

"2. The 'total local tax levy' of the city of Cambridge for the year 1917 was, $3,150,806.107.

"3. The 'total local tax levy' of the city of Cambridge for the year 1917, was the total amount assessed by the local assessors upon the property and polls in said city for the year 1917.

"4. The words, 'total local tax levy' as used in St. 1917, c. 209, § 1, mean the total tax levied by a city for all purposes for which it is by law required to assess taxes.

"5. The word 'local' as used in the phrase 'total local tax levy' as used in St. 1917, c. 209, § 1, means the place and not the purposes of said levy."

The single justice dismissed the petition; and the petitioners alleged exceptions.

St. 1917, c. 209, § 1, is as follows:

"Any city, except Boston, wherein the appropriation for any department is determined by law at a certain rate or percentage of the taxable valuation or the valuation of the taxable property therein, or however otherwise the same may be described, shall, in addition to the amount so determined, appropriate and use for such department such proportion of the proceeds of the tax upon incomes, returned by the Commonwealth to the city under the provisions of section twenty-three of chapter two hundred and sixty-nine of the General Acts of the year nineteen hundred and sixteen, as the appropriation so determined by law bears to the total local tax levy of that city for the current year."

The case was submitted on briefs.

*H. F. R. Dolan, J. H. Morson & J. S. O'Neill,* for the petitioners.
*P. J. Nelligan & G. H. McDermott,* for the respondents.

PIERCE, J. This is a petition for mandamus, brought by the members of the school committee of the city of Cambridge against the mayor and the members of the city council of that city and the city of Cambridge in its corporate capacity. The petitioners pray that the court will determine the amount of the proceeds of the tax upon incomes, returned by the Commonwealth to the city of Cambridge under the provisions of St. 1916, c. 269, § 23, to which the school department of the said city is entitled under the terms of St. 1917, c. 209; and will issue its writ for mandamus in favor of the petitioners, to be directed against the respondents, commanding them to cause to be made an appropriation for the use of the school department from said proceeds in amount equal to the difference between the amount so determined and the sum of $75,031.27, — the amount heretofore appropriated for the use of said school department under the terms of said St. 1917, c. 209.

It is agreed that the voters of the city of Cambridge adopted and accepted the provisions of St. 1915, c. 267, Part III, known as Plan B, as a charter for the government of said city, that the charter became operative on January 3, 1916, and that continuously since that date and up to the present time has been the charter of said city; that a majority of the voters of said city duly accepted the provisions of St. 1913, c. 804, before the happening of the matters and things in the petition complained of; that the average amount of taxable property of said city during the three years preceding the year 1917 was $128,382,330; that the sum to be appropriated, and in fact appropriated, under St. 1913, c. 804, for school purposes for the financial year beginning April 1, 1917, was $770,293.98; that the total tax for all purposes in said city for the year 1917 was $3,150,806.10; and that of said sum the total tax for municipal purposes only was $2,480,928.66. It was further agreed that the amount returned to the city by the State under the provisions of St. 1916, c. 269, § 23, was $306,500.27. The amount $770,293.98 appropriated for school purposes for the year beginning April 1, 1917, is 24.48 per cent of the total tax levy of $3,150,806.10; and 24.48 per cent of the amount returned by the State, $306,500.27, is $75,031.27, the amount appropriated for the use of the schools by the respondents from the fund. The amount $770,293.98 appropriated for school purposes for the year beginning April 1, 1917, is 31.048 per cent of the total tax levy for

municipal purposes only, $2,480,928.66, and 31.048 per cent of the amount returned by the State, $306,500.27, is $98,662.44.

The petitioners contend that there should be paid and appropriated for the use of the school committee for school purposes $98,662.44, and not $75,031.27, as the respondents contend. They support their contention by the argument that the word "local" in the phrase "total local tax levy of that city" is superfluous, and without force and effect unless it refers to the purpose for which the levy is made; and that it cannot refer to the place of levy because the statute expressly provides that it shall be the levy "of that city." But we are of opinion that the emphatic word is "total," and that it modifies the word "local" as a part only of the entire phrase that follows. So construed, the proportion of the proceeds of the tax on incomes returned by the Commonwealth to the city for the use of any department is determined by the aggregate amount of all taxes levied by the local assessors for general purposes under St. 1909, c. 490, Part I, § 37, and not by the total tax assessed and levied for municipal purposes.

*Exceptions overruled.*